

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FEB 14 2023

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

JACOB BLAIR

Criminal No. 2: 23-cr-26

[UNDER SEAL]

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and DeMarr W. Moulton, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a three-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Attempted possession with intent to distribute 100 grams or more of a fentanyl analogue<br><br>On or about February 24, 2022 | 21 U.S.C. § 846 |
| Two | Possession with intent to distribute 40 grams or more of fentanyl and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine<br><br>On or about February 24, 2022 | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii) |
| Three | Possession with intent to distribute 400 grams or more of fentanyl<br><br>On or about February 24, 2022 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi) |

## II. ELEMENTS OF THE OFFENSES

A.     As to Count 1:

In order for the crime of attempted possession with intent to distribute 100 grams or more of a fentanyl analogue, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant intended to commit the crime of possession with intent to distribute the controlled substance charged in the Indictment;

2. That the defendant engaged in conduct constituting a substantial step toward the commission of said crime, which strongly corroborates or confirms that the defendant intended to commit that crime;

3. That p-fluorofentanyl, a Schedule I controlled substance, is an analogue of fentanyl, a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(b)(6);

4. That the amount of mixture and substance containing a detectable amount of p-fluorofentanyl was 100 grams or more. 21 U.S.C. § 841(b)(1)(A)(vi).

Apprendi v. New Jersey, 530 U.S. 466 (2000).

B.     As to Count 2:

In order for the crime of possession with intent to distribute 40 grams or more of fentanyl and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance(s) charged in the Indictment.

United States v. Lartey, 716 F.2d 955, 967 (2d Cir.

> 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That fentanyl and methamphetamine are scheduled controlled substances.

> 21 U.S.C. § 812(c), Schedule II(b)(6); 21 C.F.R. § 1308.12(d); United States v. Gori, 324 F.3d 234, 240 (3d Cir. 2003)

4. That the mixture or substance containing a detectable amount of fentanyl was 40 grams or more. 21 U.S.C. § 841(b)(1)(B)(vi). That the mixture or substance containing a detectable amount of methamphetamine was 50 grams or more. 21 U.S.C. § 841(b)(1)(B)(viii).

Apprendi v. New Jersey, 530 U.S. 466 (2000)

**C.     As to Count 3:**

In order for the crime of possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

4. That on or about the date set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

3

>United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That fentanyl is a Schedule II controlled substance, pursuant to 21 U.S.C. § 812(c), Schedule II(b)(6).

4. That the mixture or substance containing a detectable amount of fentanyl was 400 grams or more. 21 U.S.C. § 841(b)(1)(A)(vi).

Apprendi v. New Jersey, 530 U.S. 466 (2000)

### III. PENALTIES

**A. As to Counts 1 and 3: Attempted Possession with Intent to Distribute 100 Grams or More of a Fentanyl Analogue (21 U.S.C. § 846); Possession with Intent to Distribute 400 Grams or More of Fentanyl (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi)):**

1. A term of imprisonment of not less than ten (10) years to a maximum of life.

2. A fine not to exceed $10,000,000.

3. A term of supervised release of at least five (5) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

1. A term of imprisonment of not less than fifteen (15) years to a maximum of life.

2. A fine not to exceed $20,000,000.

3. A term of supervised release of at least ten (10) years.

If the defendant has two (2) or more prior convictions for a serious drug felony or a serious violent felony that is final:

4

      1.      A term of imprisonment of at least 25 years to a maximum of life.

      2.      A fine not to exceed $20,000,000.

**B.     As to Count 2: Possession with Intent to Distribute 40 Grams or More of Fentanyl and/or 50 Grams of More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(B)(viii)):**

      1.      A term of imprisonment of not less than five (5) years to a maximum of forty (40) years.

      2.      A fine not to exceed $5,000,000.

      3.      A term of supervised release of at least four (4) years.

If the defendant has a prior conviction for a serious drug felony or a serious violent felony that is final:

      1.      A term of imprisonment of not less than ten (10) years to a maximum of life.

      2.      A fine not to exceed $8,000,000.

      3.      A term of supervised release of at least eight (8) years.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. **RESTITUTION**

Not applicable in this case.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney


*s/ DeMarr W. Moulton*
DEMARR W. MOULTON
Assistant U.S. Attorney
NY ID No. 5714869